IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                         Case Nos.:   3:14cr86/RV/EMT
                                                     3:16cv101/RV/EMT

JUSTIN TAVARSE BARGE

## **REPORT AND RECOMMENDATION**

This matter is before the court upon Defendant's "Unopposed Motion to Correct Sentence under 28 U.S.C. § 2555" (ECF No. 35) and the Government's response thereto (ECF No. 37). The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After a review of the record and the arguments presented, it is the opinion of the undersigned that the § 2255 motion should be granted and Barge should be resentenced.

## BACKGROUND and ANALYSIS

Defendant Justin Tavarse Barge was charged in a single count indictment with possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g) (ECF No. 1). Barge pleaded guilty pursuant to a written plea agreement on December 2, 2014 (ECF Nos. 19–22).

The Final Presentence Report ("PSR") reflects that Barge was classified as an armed career criminal subject to an enhanced sentence under Title 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA") (ECF No. 27, PSR ¶¶ 26, 37, 40, 44). The three convictions used to support the application of the ACCA enhancement were two prior convictions for felony fleeing and eluding, and one for sale, manufacture or delivery or possession with intent to sell, manufacture or deliver cocaine (ECF No. 27, ¶¶ 37, 40, 44). As an armed career criminal, Barge's total offense level was 31, and his criminal history category was VI (ECF No. 27, PSR ¶¶ 29, 46–48). The PSR reflects that the minimum term of imprisonment on Count One was 15 years, and the applicable guidelines range was 188 to 235 months (ECF No. 27, PSR ¶¶ 99–100). The court sentenced Barge to a term of 211 months imprisonment, followed by five years of supervised release (ECF No. 29). Barge did not appeal. He now moves pursuant to <u>Johnson v.United States</u>, 135 S. Ct. 2551 (2015) to correct his allegedly illegal sentence.

Title 18 U.S.C. § 924(e), the ACCA, provides that a person who has three previous convictions for a violent felony, a serious drug offense, or both, is subject to a mandatory minimum fifteen-year sentence. 18 U.S.C. § 924(e)(1). The statutory definition of a violent felony under ACCA is an offense that either "(i) has as en element the use, attempted use, or threatened use of physical force against the person of another or (ii) is burglary, arson, or extortion, involves the use of explosives *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." 18 U.S.C. § 924(e)(2)(B)(i) and (ii) (emphasis added). The Supreme Court ruled in Johnson that the italicized language, known as the "residual clause," violates the Constitution's guarantee of Due Process due to vagueness. Johnson, 135 S. Ct. at 2563.

At the time of Barge's sentencing, a prior Florida conviction for fleeing and eluding was a predicate offense under the ACCA's residual clause. *See* United States v. Petite, 703 F.3d 1290, 1291 (11th Cir. 2013). However, in light of Johnson, the Eleventh Circuit has expressly held that convictions for fleeing and eluding are "no longer ACCA qualifying offenses that can form the basis for a sentencing enhancement under the ACCA." United States v. Adams, No. 14-14329, 2016 WL125271, at *1 (11th Cir. Jan. 12, 2016). Thus, two of the three convictions used

Case Nos: 3:14cr86/RV/EMT; 3:16cv101/RV/EMT

to support the ACCA enhancement in Barge's case are no longer viable predicate offenses. Only Barge's conviction for possession with intent to sell, manufacture or deliver cocaine remains a proper ACCA predicate. Barge no longer has the three prior convictions for a serious drug offense or violent felony required to support an enhanced sentence under the ACCA, and his sentence exceeds the otherwise applicable statutory maximum penalty of ten years' incarceration and three years of supervised release under 18 U.S.C. § 922(g)(1).

This is Barge's first § 2255 motion, and as such Johnson is retroactively applicable to his case. *See* Mays v. United States, Case No. 14, 13477, 2016 WL 1211420, at *1 (11th Cir. Mar. 29, 2016) (holding that the Supreme Court's decision in Johnson is retroactively applicable to cases in the first post-conviction context); *see also* In re Rivero, 797 F.3d 968, 991 (11th Cir. 2015). Because his sentence was based on the now-unconstitutional residual clause of the ACCA, Barge is entitled to resentencing. The Government concurs (*see* ECF No. 37).

Based on the foregoing, it is respectfully **RECOMMENDED**:

Defendant Barge's unopposed motion to correct sentence under 28 U.S.C. § 2255 (ECF No. 35) be **GRANTED** and this case be set for resentencing.

Case Nos: 3:14cr86/RV/EMT; 3:16cv101/RV/EMT

**DONE AND ORDERED** this <u>6</u><sup>th</sup> day of April 2016.

                              /s/ *Elizabeth M. Timothy*
                              **ELIZABETH M. TIMOTHY**
                              **CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos: 3:14cr86/RV/EMT; 3:16cv101/RV/EMT