<pre>
 1                UNITED STATES DISTRICT COURT
               NORTHERN DISTRICT OF FLORIDA
 2                   PENSACOLA DIVISION


 3
UNITED STATES OF AMERICA,        )
 4                               )
                Plaintiff,       ) Case No: 3:14cr86
 5                               )
      v.                         ) Pensacola, Florida
 6                               ) February 24, 2015
                                 ) 10:33 a.m.
 7   JUSTIN TAVARSE BARGE        )
                                 )
 8               Defendant.      )
    _____)

 9


10              TRANSCRIPT OF SENTENCING
          BEFORE THE HONORABLE ROGER VINSON
11        SENIOR UNITED STATES DISTRICT JUDGE
                (Pages 1 through 11)

12


13   APPEARANCES:


14
For the Government:      United States Attorney's Office
15                       by:  EDWIN F. KNIGHT
                         21 East Garden Street
16                       Suite 400
                         Pensacola, Florida 32502-5675
17                       (850) 444-4000
                         edwin.knight@usdoj.gov
18

19   For the Defendant:     Federal Public Defender's Office
                         by:  JENNIFER A. HART
20                       Three West Garden Street
                         Suite 200
21                       Pensacola, Florida 32502-5654
                         (850) 432-1418
22                       jennifer_hart@fd.org

23
</pre>

                  Julie A. Wycoff, RMR, CRR
24            Official United States Court Reporter
         One North Palafox Street * Pensacola, Florida 32502
25            (850) 470-8196 * julieawycoff@gmail.com

1                      **P R O C E E D I N G S**

2          (Call to order of the Court.)

3              THE COURT:  Good morning.  Be seated, please.

4              Pursuant to notice, we have sentencing this morning in

5      Case 3:14cr086, Justin Tavarse Barge.

6              Counsel, if you'll come up in front of clerk's bench

7      with the defendant.

8              Mr. Knight, good morning.

9              Ms. Hart, good morning.

10             MS. HART:  Good morning.

11             MR. KNIGHT:  Good morning.

12             THE COURT:  Justin Tavarse Barge, pursuant to your

13     plea of guilty to the single-count indictment charging you in

14     this case, I hereby adjudge you guilty as charged in the

15     indictment.

16             Now, before I impose sentencing this morning, I think

17     you know you'll have an opportunity to speak both, personally

18     and through your attorney, about anything at all that you

19     believe I should know.  But before we go to that, I want to ask

20     you about the Presentence Investigation Report that's been

21     prepared by the probation office.

22             Have you received a copy of that report, and have you

23     carefully read it and gone over it with Ms. Hart?

24             THE DEFENDANT:  Yes, sir.

25             THE COURT:  Have you found any factual errors in that

1    report that have not been corrected?

2            THE DEFENDANT:  No, sir.

3            THE COURT:  As far as you can tell, it's accurate.

4            THE DEFENDANT:  Yes, sir.

5            THE COURT:  Let's see.  Ms. Hart, you indicated you

6    might raise some objections, but I'm not sure if you have

7    anything or not.

8            MS. HART:  Your Honor, all objections have been

9    resolved.

10           THE COURT:  Okay.  And, Mr. Barge, is an Armed Career

11   Criminal.

12           So, Mr. Knight, you want to put on the record any of

13   those convictions?

14           MR. KNIGHT:  Your Honor, I do have what's marked for

15   identification purposes, or what I'd like to submit as evidence,

16   Government's Exhibit 1, 2, and 3.  I believe this is without

17   objection, Your Honor.  And these are the copies of the

18   convictions for the predicate offenses that are described in

19   paragraphs 37, 40, and 44, as well as the charging information,

20   Your Honor, in each of the three cases.

21           THE COURT:  Very well.

22           MR. KNIGHT:  And at this time, I'd offer that as

23   evidence.

24           THE COURT:  Any objection?

25           MS. HART:  No objection.

1              THE COURT:  Without objection, they are admitted.

2         (GOVERNMENT EXHIBIT 1 – 3:  Received in evidence.)

3              THE COURT:  All right.  Would you like to speak on

4    Mr. Barge's behalf?

5              MS. HART:  Briefly, Your Honor.

6              Your Honor, we're asking that the Court consider

7    sentencing Mr. Barge at the –- either the low end of the

8    applicable advisory guideline range, which would be 188 months,

9    or even to consider sentencing him to the 15-year mandatory

10   minimum.

11             We note a couple of mitigating factors as is described

12   in the presentence report.  Mr. Barge has had somewhat of a

13   disadvantage childhood, has had some struggles in his younger

14   years.  The Court had asked recently if Mr. Barge had read the

15   presentence report.  It's more accurate to say that I read it to

16   him and that –- and summarized things for him and had to read

17   the plea documents to him as well.

18             I think the presentence report describes some

19   intellectual difficulties, challenges that Mr. Barge suffers

20   from.  And we note that although he does technically qualify for

21   application of the Armed Career Criminal Act, that is because

22   two of his prior convictions, which are fleeing and eluding

23   convictions under Florida law, were relatively recently deemed

24   crimes of violence by the United States Supreme Court, and then

25   subsequently by the Eleventh Circuit.

1          But prior to that Supreme Court decision, the Eleventh

2    Circuit did not deem those convictions categorically violent at

3    all.  And absent those convictions, Mr. Barge's criminal

4    history, although lengthy, is not a violent history as -- in the

5    way that people normally consider violence.  And so, Your Honor,

6    I just ask the Court to take those factors into consideration.

7          As the Court may be aware, Mr. Barge has been

8    cooperative with the Government, and I still anticipate that

9    cooperation to continue.  And Mr. Barge is in primary state

10   custody, is my understanding, and faces substantial charges

11   there.

12         THE COURT:  State charges are still pending, right?

13         MS. HART:  Yes, sir.

14         And because of that, I believe that any state sentence

15   that he would receive is likely to be served first.

16         And so, Your Honor, for all of those reasons, we are

17   asking the Court to consider a sentence near the low end of the

18   guideline, the 188 months or, again, the Court would have the --

19   would be authorized to sentence Mr. Barge at this time to 180

20   months.  We believe those sentences, or sentences in that range,

21   would be sufficient but not greater than necessary.

22         THE COURT:  Mr. Barge, would you like that speak

23   personally?

24         THE DEFENDANT:  Yes, Your Honor.  I just like --

25         THE COURT:  Get a little closer to the microphone,

1    please.

2              THE DEFENDANT:  I just like to tell the Court that I'm

3    sorry for my mistakes that I have made in the past, and I'm

4    aware of them, and I accept full responsibility, and I'm ready

5    to get on with my life and get this past behind me.

6              THE COURT:  All right.

7              Mr. Knight, anything from the Government?

8              MR. KNIGHT:  No, sir.

9              THE COURT:  Well, Mr. Barge, I have carefully reviewed

10    everything in your Presentence Investigation Report.  I find the

11    report is accurate, and it's incorporated into your sentence as

12    a part of that sentence, as our procedure contemplates.

13              Now, under the authority of the Sentencing Reform Act

14    of 1984 and the amendments to that act that have become

15    effective since 1984, and in accordance with the policy

16    statements and sentencing guidelines from the United States

17    Sentencing Commission, and also consistent with the Court

18    decisions involving the guidelines and the underlying law, and

19    including decisions by the Supreme Court of the United States,

20    it is the judgment of the Court that you're hereby committed to

21    the custody of the Bureau of Prisons to be imprisoned for a term

22    of 211 months.  This sentence is at the midpoint of the advisory

23    guideline range and also meets the mandatory minimum sentence

24    required by law.

25              In determining an appropriate sentence, I've

considered all of the sentencing factors set out by statute in Title 18, United States Code, Section 3553(a), as well as the policy statements and guidelines from the United States Sentencing Commission.  And, of course, I recognize that the guidelines are advisory and are not mandatory.

It's my determination that the sentence I've imposed is reasonable under the circumstances and a greater sentence is not necessary to comply with those statutory purposes, and this sentence is sufficient and a greater sentence is not necessary. The sentence that I've imposed meets the sentencing goals of punishment for your conduct, as well as general deterrence, to keep others from doing the same thing, and specific deterrence, to protect the community from you doing further conduct like this.

My review of your Presentence Investigation Report indicates that you are a person in need of a focused intensive substance abuse treatment program, both during incarceration and upon reentry through a residential reentry center.

It's my recommendation to the Bureau of Prisons that you be placed into the Bureau's Residential Drug Abuse Treatment Program, even though your firearm offenses will prohibit you from receiving any sentence-reduction credit for that.  And it's almost my recommendation to the Bureau of Prisons that you be enrolled in any cognitive behavioral therapy programs that they can provide for you.

1        And additionally, if you're deemed ineligible for any

2   kind of Residential Drug Abuse Treatment Program, or it's not

3   offered at the institution where you're located, I strongly

4   recommend that you complete whatever drug education or

5   drug-abuse treatment programs are offered by the Bureau of

6   Prisons and fully participate in their drug-abuse treatment

7   programs.

8        From the financial information provided to me, I find

9   that you do not have the financial ability to pay a fine, either

10  within the guideline range or below that range, so I'm waiving

11  the payment of any fine.  But as the law requires, a special

12  monetary assessment of $100 must be, and is, ordered, which is

13  due and payable immediately.

14       Upon release from incarceration, Mr. Barge, you'll be

15  placed on supervised release for a term of five years under the

16  standard conditions of supervision adopted by our Court, with

17  the following special conditions:

18       First, you'll be evaluated for substance abuse and

19  referred to treatment as determined necessary through an

20  evaluation process.  That treatment is not limited to, but may

21  include, participation in a cognitive behavior therapy program.

22  During your supervision, you may be tested for the presence of

23  illegal controlled substances or alcohol at any time.

24       During your supervision, you shall submit your person,

25  property, house, residence, vehicle, papers, computers, and any

other communications or storage devices, or your office, to a

search to be conducted by a United States probation officer at

reasonable time and in a reasonable manner.  The probation

officer may conduct a search pursuant to this condition only

when reasonable suspicious exists that you have violated a

condition of your supervision and that the areas to be searched

contain evidence of this violation.

Failure to submit to a search may be grounds for

revocation of your supervised release.  And during your

supervision, you shall warn any other occupants of any residence

or place where you may be residing or working that you may be

subject to searches pursuant to this condition.

I think that completes my sentence of Mr. Barge.

Counsel, do either of have you anything that needs to

be put on the record or amplified under the Eleventh Circuit's

procedure?

MS. HART:  Your Honor, just to maintain an objection

based on substantive reasonableness, but nothing further.

THE COURT:  All right.  That objection overruled.

I probably need to also state on the record since we

have pending state charges that the sentence I've imposed for

Mr. Barge in this Court will be concurrent with the charge

pending in the state court for the possession of the firearm,

which is paragraph 50, looks like Count One, but in all other

respects will be consecutive to any sentence to be imposed by

1  the state court for any of those pending charges.  I think there

2  were 23 all together, identified in the Presentence

3  Investigation Report and which have not been disposed of or

4  ruled on by the court, state court.

5          And the reason for that is that none of those are

6  taken into account by the sentencing guidelines.  None of that

7  conduct is involved in any of the sentence's calculation in this

8  Court.

9          I don't think there is any forfeiture involved in this

10  case.  Mr. Knight?

11          MR. KNIGHT:  No, sir.

12          THE COURT:  Mr. Barge, you are advised that you have

13  the right to appeal from the sentence and judgment I've imposed.

14  Any appeal has to be filed within 14 days.  If you're unable to

15  afford the cost of an appeal, you may apply for leave to appeal

16  *in forma pauperis*, which, if granted, will allow you to take an

17  appeal without any cost to you.

18          I'm sure that Ms. Hart will discuss that with you

19  before you leave today.  And if you feel you have grounds for an

20  appeal, upon request, the clerk will immediately file a Notice

21  of Appeal on your behalf.  I remind you, again, that any appeal

22  has to be filed within 14 days.

23          Anything else, counsel?

24          MR. KNIGHT:  No, sir.

25          MS. HART:  No, Your Honor.

```
 1          THE COURT:  If there's nothing else, we are adjourned
 2   for the morning.  Thank you.
 3       (Proceedings adjourned at 10:47 p.m.)
 4                    * * * * * * * *
 5       I certify that the foregoing is a correct transcript from
     the record of proceedings in the above-entitled matter.  Any
 6   redaction of personal data identifiers pursuant to the Judicial
     Conference Policy on Privacy are noted within the transcript.
 7
 8   _____        9/21/2016
                                           _____
 9   Julie A. Wycoff, RMR, CRR             Date
     Official U.S. Court Reporter
10
11
12
13                    I N D E X
14
15              GOVERNMENT EXHIBITS
16   Exhibit    Description                  Marked  Admitted
17   1 - 3      Copies of convictions and charging info    4        4
18
19
20
21
22
23
24
25
```